UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIJUE ADOLPHUS MCGHEE,<br>    Plaintiff,<br>v.<br>RALPH DIAZ, et al.,<br>    Defendants. | Case No. 20-cv-04100-HSG<br><br>**ORDER OF DISMISSAL** |

Plaintiff, an inmate at San Quentin State Prison ("SQSP"), has filed a *pro se* action pursuant to 42 U.S.C. § 1983 alleging that prison officials violated his constitutional rights. His complaint (Dkt. No. 1) is now before the Court for review under 28 U.S.C. § 1915A. He has been granted leave to proceed *in forma pauperis* in a separate order.

**DISCUSSION**

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the

1  grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).
2  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a
3  plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than
4  labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. .
5  . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell
6  Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must
7  proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570.

8  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
9  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
10 the alleged violation was committed by a person acting under the color of state law. *See West v.*
11 *Atkins*, 487 U.S. 42, 48 (1988).

**B.     Complaint**

Plaintiff has named as defendants Scott Kernan, the former California Department of Corrections and Rehabilitation ("CDCR") Secretary; Ralph Diaz, the current CDCR Secretary; Ron Davis, the former SQSP warden; Ronald Broomfield, the current SQSP warden; Judy Wayne, SQSP case records personnel supervisor; Allison Eberly, SQSP counselor; and Deputy Attorney General ("DAG") Brian C. Kinney.

The complaint makes the following allegations. Proposition 57 created a liberty interest in a parole hearing for nonviolent second strike inmates. Plaintiff is a nonviolent second strike inmate. However, in July 2017 and July 2018, SQSP prison officials refused to refer plaintiff to the parole board for parole consideration, claiming that Proposition 57 did not apply to him because he had incurred a rules violations and SHU term in the prior five years. Plaintiff successfully challenged the prison officials' interpretation of Proposition 57 in the state courts and, on July 30, 2019, plaintiff was referred to the parole board for parole consideration. The parole board failed to provide him a decision within 50 days, as required by law. As of the date the complaint was filed, plaintiff still had not received any response from the parole board. Defendants' actions in failing to refer him for parole consideration in 2017 and 2018 caused him mental anguish, distress, and degradation. Plaintiff alleges that DAG Kinney went beyond his role

2

as a prosecutor and "personally attach[ed] himself with the case" when he stated that a favorable parole decision would not have benefitted plaintiff because plaintiff has not yet served his consecutive sentence for his in-person crime.

The complaint makes the following legal claims: the refusal to refer plaintiff to the parole board in 2017 and 2018 pursuant to the unlawful policy of denying parole considerations to nonviolent second strike inmates with rules violations or SHU terms in the five years prior violated plaintiff's First Amendment right to petition the government for redress of grievances; plaintiff's right to due process; plaintiff's right to equal protection of the law; plaintiff's Sixth Amendment rights to compulsory process for obtaining witnesses in his favor and to have the assistance of counsel for his defense; and plaintiff's Eighth Amendment right to be free from cruel and unusual punishment.

The complaint seeks the following relief: a declaratory judgment finding that defendants violated plaintiff's constitutional rights; a preliminary and permanent injunction ordering defendants Diaz, Broomfield, Wayne, Eberly, and Kinney to stay away from plaintiff and to not retaliate against plaintiff; compensatory and punitive damages; costs of suits and attorney's fees; and any other relief deemed just and equitable.

For the reasons set forth below, the complaint will be dismissed with prejudice.

First, plaintiff may not seek declaratory relief regarding the refusal to refer him for parole consideration in 2017 and 2018. A declaratory judgment may not be used to secure judicial determination of moot questions. *See Native Village of Noatak v. Blatchford*, 38 F.3d 1505, 1509 (9th Cir. 1994). A claim is considered moot if it has lost its character as a present, live controversy, and if no effective relief can be granted due to subsequent developments. *See Flast v. Cohen*, 392 U.S. 83, 95 (1968); *see also Brady v. AutoZone Stores*, 960 F.3d 1172, 1173 (9th Cir. 2020) (an action is moot where issues are no longer live or the parties lack a legally cognizable interest in the outcome); *Foster v. Carson*, 347 F.3d 742, 745-46 (9th Cir. 2003) (constitutional challenge requesting declaratory relief to Oregon's "Budget Reduction Plan" suspending certain criminal proceedings and appointment of public defenders for indigent defendants in those proceedings is moot where at time of appeal plan has expired and appellate court unable to provide

any relief to plaintiffs). The state courts have already found that basis for refusing to refer plaintiff for parole consideration in 2017 and 2018 – the regulations precluding nonviolent second strike inmates who have a SHU term or rules violation in the prior five years for parole consideration pursuant to Proposition 57 – was invalid. *See generally In re McGhee*, 34 Cal.App.5th 902 (Cal. Ct. App. 2019). Plaintiff's request for declaratory relief regarding the validity of the regulations applied in 2017 and 2018 is therefore moot. *See also Government Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1222 (9th Cir. 1998) (court should avoid the needless determination of state law issues, and discourage forum shopping and duplicative litigation).

Second, plaintiff's claims for damages against defendants in their individual capacities are barred by the Eleventh Amendment. *See Leer v. Murphy*, 844 F.2d 629, 631-32 (9th Cir. 1988).

Third, plaintiff improperly seeks injunctive relief that would not remedy the constitutional violation alleged in this action. The PLRA only allows courts to order prospective relief where such "'relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right.'" *Edmo v. Corizon, Inc.*, 935 F.3d 757, 782 (9th Cir. 2019) (citing 18 U.S.C. § 3626(a)(1)). The injunctive relief sought is that defendants Diaz, Broomfield, Wayne, Eberly, and Kinney stay away from him and not retaliate against him. However, the alleged constitutional violation is defendants' refusal to refer plaintiff for parole consideration in 2017 and 2018.

Fourth, DAG Kinney is entitled to prosecutorial immunity with respect to plaintiff's claims. The statement made by DAG Kinney that plaintiff alleges violated his constitutional rights was a legal argument made in an informal response submitted by DAG Kinney on behalf of the California Board of Parole Hearings. DAG Kinney's statement was made in his official capacity as a prosecutor and is therefore entitled to absolute immunity. *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004) (citations omitted) ("Absolute immunity is generally accorded to judges and prosecutors functioning in their official capacities."); *cf. Brown v. Cal. Dep't. of Corr. & Rehab.*, 554 F.3d 747, 750 (9th Cir. 2009) ("prosecutors should be afforded absolute immunity for parole recommendations, because parole decisions are a continuation of the sentencing process").

4

1        Fifth, the complaint does not state any cognizable claims under Section 1983.

2        The complaint fails to state a cognizable claim for violation of the First Amendment right to petition the government for redress of grievances. The refusal to refer plaintiff for parole consideration in 2017 and 2018 has no connection to petitioning the government for redress of grievances. In addition, the record indicates that plaintiff has repeatedly and successfully accessed the courts to petition for redress of grievances. Plaintiff successfully challenged in state courts the refusal to refer him for parole consideration. *See In re McGhee*, 34 Cal.App.5th 902 (Cal. Ct. App. 2019).

       The complaint fails to state a cognizable equal protection claim. A plaintiff alleging denial of equal protection under 42 U.S.C. § 1983 based on race or other suspect classification must plead intentional unlawful discrimination or allege facts that are at least susceptible of an inference of discriminatory intent. *Monteiro v. Tempe Union High School Dist.*, 158 F.3d 1022, 1026 (9th Cir. 1998). To state a claim for relief, the plaintiff must allege that the defendant state actor acted at least in part because of the plaintiff's membership in a protected class. *See Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013). Being a nonviolent second strike inmate with a SHU term or rule violations within the prior five years is not a protected class, and the prison regulations denying parole consideration to this subset of inmates were motivated by public safety considerations, not by discriminatory intent. *See generally In re McGhee*, 34 Cal.App.5th 902 (Cal. Ct. App. 2019).

       The complaint also fails to state a cognizable Sixth Amendment claim. The Sixth Amendment rights to compulsory process for obtaining witnesses and to counsel apply to criminal prosecutions, and do not apply to prison proceedings. U.S. Const. Am. VI.

       The complaint also fails to state a cognizable Eighth Amendment claim. The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. *See Helling v. McKinney*, 509 U.S. 25, 31 (1993). Plaintiff is not challenging the conditions of his confinement. He is challenging the failure to refer him for parole consideration.

       The complaint also fails to state a cognizable due process claim. To allege a due process

1  claim, plaintiff must allege deprivation of a protected interest in life, liberty, or property.
2  *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005).  A protected liberty interest may arise under the
3  Due Process Clause itself or under a state statute or regulation.  *Id.* at 221-22.  The Due Process
4  Clause of the Fourteenth Amendment confers both procedural and substantive rights.  *See*
5  *Armendariz v. Penman*, 75 F.3d 1311, 1318 (9th Cir. 1996) (en banc).  Substantive due process
6  refers to certain actions that the government may not engage in, no matter how many procedural
7  safeguards it employs.  *See County of Sacramento v. Lewis*, 523 U.S. 833, 847 (1998).  Procedural
8  due process refers to what process is due before a protected liberty interest may be taken away.
9  *See Wilkinson*, 545 U.S. at 224-25.  In arguing that he was entitled to parole hearings in 2017 and
10 2018, plaintiff makes a substantive due process argument.  However, "[t]here is no right under the
11 Federal Constitution to be conditionally released before the expiration of a valid sentence, and the
12 States are under no duty to offer parole to their prisoners."  *Swarthout v. Cooke*, 562 U.S. 216, 220
13 (2011) (citing *Greenholtz v. Inmates of Neb. Penal and Correctional Complex*, 442 U.S. 1, 7
14 (1979)).  Although California law creates a liberty interest in parole that requires procedural due
15 process at parole hearings, "there is no substantive due process right created by California's parole
16 scheme."  *Roberts v. Hartley*, 640 F.3d 1042, 1045-46 (9th Cir. 2011).  Because there is no federal
17 constitutional right to parole, it follows that there is no constitutional right, including a substantive
18 due process right, to parole consideration.  *See Lipsey v. Brown*, C No. No. 2:18-cv-1997 AC P,
19 2020 WL 2539192, at *4 (E.D. Cal. May 19, 2020) (citing *Fernandez v. Nevada*, No. 3:06-CV-
20 00628 LRH-RA, 2009 WL 700662, at *10 (D. Nev. Mar. 13, 2009)) (rejecting plaintiff's
21 challenge to the content and application of Proposition 57 as it related to parole on the grounds
22 that there is no federal constitutional right to parole consideration).

### C.    Additional Pleadings

24         Plaintiff has filed numerous additional pleadings with the Court in this action, in which he
25 alleges that prison officials have further violated his constitutional rights by, in the last two
26 months, interfering with his legal mail and retaliating against him for accessing the courts, and that
27 prison officials have failed to provide adequate access to the courts.  *See, e.g.*, Dkt. Nos. 8, 9, 10,
28 15. These claims are separate from the claims alleged in the complaint.  If plaintiff wishes to seek

6

redress for these alleged constitutional violations, he must raise these claims in a separate action. The Clerk is directed to send plaintiff two copies of the Court's civil rights complaint form.

## CONCLUSION

For the foregoing reasons, the complaint is DISMISSED with prejudice. All pending motions are DENIED as moot.

**IT IS SO ORDERED.**

Dated:   8/17/2020

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge